THIRD NATIONAL BANK OF SYRACUSE v. McKINSTRY.

*Costs — trial fee — Trial — what is not.*

A trial was commenced at the circuit, a jury impaneled, and a witness sworn and examined, when the court ordered the case referred to a referee to hear and determine, and the case was afterward tried and determined by the referee.   *Held*, that there was no trial at the circuit, and the successful party was entitled to a trial fee, only for the trial before the referee.

APPEAL by defendants from an order at the special term disallowing the taxation of a trial fee.

The action was brought in Onondaga county by the plaintiff above named against Alexander McKinstry and others.   The trial of the same was commenced at the circuit, a jury impaneled, a wit-

ness was sworn and examined, when the court of its own motion ordered the cause referred to Cyrus Sweet, Esq., to hear and determine the same, the costs to abide the event.

The cause was tried before the referee, and the result was in favor of the defendant.

The defendant claimed to tax two trial fees, one for the trial before the referee and one for a trial at the circuit. The court, at special term, disallowed the item of a trial fee at circuit, and allowed, in place thereof, a term fee alone.*

*William C. Ruger,* for appellants.

*Hiscock, Gifford & Doheny,* for respondent.

GILBERT, J. A trial is a judicial examination of the issues between the parties. Code, § 252. Such an examination may be had without being followed by a conclusion, determination or verdict, *e. g.* when a jury disagree, or a juror is withdrawn, or when a complaint is dismissed. But when the court refuses to examine the issues, and of its own motion sends the case to a referee, it would be a stretch of common sense and of law to hold that there had been a trial. What issue of law or of fact was judicially examined by such a proceeding? And yet it is only for a trial, so defined that a trial fee is allowed. Code, § 307, subd. 4. None of the cases cited by the appellant support his appeal.

We think the order appealed from should be affirmed, with $10 costs.

*Order affirmed.*

---

*The following opinion was delivered at special term:

MORGAN, J. (after stating the facts). None of the cases cited by the counsel are directly in point. Without the aid of decided cases I must follow my own opinion, and that is against the charge of a trial fee both at the circuit and before the referee, when the cause has been referred by the court, upon the ground above stated. It would be absurd to hold that an action had been tried at the circuit which the court had refused to try. I think it has not been usual to tax a trial fee in such a case. If the action had been disposed of by a decision of the court, after a judicial examination of the issue between the parties, and without the formality of impaneling a jury, a trial fee would usually be taxable. Code, § 252; *Place* v. *Butternuts W. & C Manuf. Co.,* 28 How. 184. And it has been held that, where the pleadings involve issues of law as well as fact, and the court has disposed of the issues of law at the circuit, and referred the issues of fact to a referee for determination, that the successful party is entitled to tax two trial fees. *Wiggins* v. *Arkenburgh,* 4 Sandf. 688. So, in a case where the plaintiff is allowed to withdraw a juryman (*Hamilton* v. *Butler,* 30 How. 36), or suffered to amend his pleadings, and the case goes over in consequence of the amendments. But, clearly, the costs in such cases are in the discretion of the court, which may impose a trial fee as a condition to granting the favor.